UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

DALLAS SNYDER,

    Plaintiff,

-vs-                              CASE NO.:

NAVIENT SOLUTIONS, INC. and
STUDENT ASSISTANCE CORPORATION,

    Defendant
_____/

## COMPLAINT

COMES NOW Plaintiff, DALLAS SNYDER, by and through the undersigned counsel, and sues Defendants, NAVIENT SOLUTIONS, INC. and STUDENT ASSISTANCE CORP., and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq*. ("FCCPA").

## INTRODUCTION

1.    The TCPA was enacted to prevent companies like NAVIENT SOLUTIONS, INC. and STUDENT ASSISTANCE CORP. from invading American citizen's privacy and prevent abusive "robo-calls."

2.    "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the **\*1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), http://transition.fcc.gov/Daily_Releases/Daily_Business/2015/db0527/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5. This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of attorney fees and costs.

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014)

8. Venue is proper in this District as Plaintiff resides within this District (Lee County, Florida), the violations described in this Complaint occurred in this District and the Defendant transacts business within Lee County, Florida.

## FACTUAL ALLEGATIONS

9. Plaintiff is a natural person, and citizen of the State of Florida, residing in Lee County, Florida

10. Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8).

11. Plaintiff is an "alleged debtor."

12. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

13. Defendant, NAVIENT SOLUTIONS, INC. (hereinafter "Navient Solutions"), is a corporation with its principal place of business located at 2001 Edmund Halley Dr., Reston, VA 20191-3436 and which conducts business in the State of Florida through its registered agent, Corporation Service Company located at 1201 Hays St., Tallahassee, FL 32301.

14. Defendant, STUDENT ASSISTANCE CORPORATION (hereinafter "SAC"), is a corporation with its principal place of business in Delaware, wherein its registered agent is Corporation Service Company, 2711 Centerville Rd., Suite 400, Wilmington, DE 19080.

15. The debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

16. Defendants called Plaintiff on Plaintiff's cellular telephone approximately 1000 times since 2012, in an attempt to collect a debt.

17. Defendants attempted to collect an alleged debt from Plaintiff by this campaign of telephone calls.

18. Navient Solutions and SAC intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day and on back to back days, with such frequency as can reasonably be expected to harass.

19. Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that he knew it was an autodialer because of the vast number of calls he received and because he received prerecorded messages from Defendants.

20. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (239) ***-4231, and was the called party and recipient of Defendant's calls.

21. Beginning on or about 2012, Defendants began bombarding Plaintiff's cellular telephone (239) ***-4231 in an attempt to collect on student loans.

22. On or around 2013 Plaintiff advised Defendants to stop calling him, thereby revoking any consent Defendants believed they had to call his cellular telephone.

23. After that revocation the Plaintiff received calls from multiple different numbers belonging to the Defendants. The Plaintiff estimates five hundred (500) calls post-revocation.

24. The autodialer calls from Defendants came from the telephone numbers including but not limited to (765) 637-0802 and (607) 235-5092, and when those numbers are called, a pre-recorded voice answers and identifies the company as "Navient, Department of Education Loan Services".

25. Despite the Plaintiff's multiple requests for the calls to stop, the Defendants continued to call the Plaintiff repeatedly, including but not limited to calls Plaintiff was able to log on March 21, 2016; March 22, 2016; March 23, 2016 and March 24, 2016.

26. Navient Solutions and SAC have a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice just as they did to Plaintiff's cellular telephone in this case, with no way for the consumer, Plaintiff, or Defendants to remove the number.

27. Defendants' corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to Navient Solutions, Inc. and SAC they wish for the calls to stop.

28. Navient Solutions and SAC have numerous other federal lawsuits pending against it alleging similar violations as stated in this Complaint.

29. Navient Solutions and SAC have numerous complaints across the country against it asserting that its automatic telephone dialing system continues to call despite requested to stop.

30. Navient Solutions and SAC have had numerous complaints from consumers across the country against it asking to not be called; however, Defendant continues to call the consumers.

31. Navient Solutions and SAC corporate policy provided no means for Plaintiff to have his number removed from Defendant's call list.

32. Navient Solutions and SAC have corporate policies to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

33. Not a single call placed by Navient Solutions and SAC to Plaintiff were placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

34. Navient Solutions and SAC willfully and/or knowingly violated the TCPA with respect to Plaintiff.

35. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affected in a personal and individualized way by stress, anxiety, distress and aggravation.

## COUNT I
## NAVIENT SOLUTIONS, INC.
### (Violation of the TCPA)

36. Plaintiff fully incorporates and realleges paragraphs one (1) through thirty-five (35) as if fully set forth herein.

37. Navient Solutions knowingly and willfully violated the TCPA with respect to Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Navient Solutions that he wished for the calls to stop.

38. Navient Solutions repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Navient Solutions for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
## NAVIENT SOLUTIONS, INC.
### (Violation of the FCCPA)

39. Plaintiff fully incorporates and realleges paragraphs one (1) through thirty-five (35) as if fully set forth herein.

40. At all times relevant to this action Navient Solutions is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

41. Navient Solutions has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his or her family with such frequency as can reasonably be expected to harass the debtor or his or her family.

42. Navient Solutions has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his or her family.

43. Navient Solutions' actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Navient Solutions, Inc. for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT III
### STUDENT ASSISTANCE CORPORATION
**(Violation of the TCPA)**

44. Plaintiff fully incorporates and realleges paragraphs one (1) through thirty-five (35) as if fully set forth herein.

45. Defendant, SAC, willfully violated the TCPA with respect to Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that he wished for the calls to stop.

46. Defendant, SAC, repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded

or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Student Assistance Corporation for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

### COUNT IV
### STUDENT ASSISTANCE CORPORATION
**(Violation of the FCCPA)**

47. Plaintiff fully incorporates and realleges paragraphs one (1) through thirty-five (35) as if fully set forth herein.

48. At all times relevant to this action SAC is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

49. Defendant, SAC, has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his or her family with such frequency as can reasonably be expected to harass the debtor or his or her family.

50. Defendant, SAC, has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his or her family.

51. Defendant, SAC's, actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so

triable and judgment against Student Assistance Corporation for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/Frank H. Kerney, III, Esquire*
Frank H. Kerney, III, Esquire
Florida Bar #: 88672
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 223-5402
fkerney@forthepeople.com
jkneeland@forthepeople.com
amoore2@forthepeople.com
Attorney for Plaintiff